# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DULCE TELLEZ, | Case No. 1:22-cv-00398-AWI-BAM |
| Plaintiff, | **SCHEDULING ORDER** |
| v. | Rule 26 Disclosures: August 26, 2022 |
| RADIUS GLOBAL SOLUTIONS, LLC, | Amendment to Pleadings: September 21, 2022 |
| Defendant. | Expert Disclosure: June 26, 2023 |
| | Supplemental Expert Disclosure: July 14, 2023 |
| | Non-Expert Discovery Deadline: June 12, 2023 |
| | Expert Discovery Deadline: August 17, 2023 |
| | Dispositive Motion Filing Deadline: October 18, 2023 |
| | Pretrial Conf.: Date: March 21, 2024  Time: 10:00 a.m.  Dept.: 2 (AWI) |
| | Jury Trial: (1-3 days) Date: May 21, 2024  Time: 8:30 a.m.  Dept.: 2 (AWI) |

1

This Court conducted a scheduling conference on August 22, 2022. Counsel Lauren Veggian appeared by Zoom video on behalf of Plaintiff Dulce Tellez. Counsel Kenneth Ohashi appeared by Zoom video on behalf of Defendant Radius Global Solutions, LLC. In accordance with Federal Rule of Civil Procedure 16(b), this Court sets a schedule for this action.

**1. Fed. R. Civ. P. 26(a)(1) Disclosures**

Initial disclosures shall be completed by **August 26, 2022**.

**2. Amendment to the Parties' Pleadings**

All stipulated amendments or motions to amend shall be filed by **September 21, 2022**.

**3. Consent to Magistrate Judge**

Pursuant to 28 U.S.C. § 636(c), the parties have not consented to conduct all further proceedings in this case, including trial, before the Honorable Barbara A. McAuliffe, United States Magistrate Judge.

**4. Discovery Cutoffs and Limits**

Initial expert witness disclosures by any party shall be served no later than **June 26, 2023**. Supplemental expert witness disclosures by any party shall be served no later than **July 14, 2023**. Such disclosures must be made pursuant to F.R.Civ.P. 26(a)(2)(A) and (B) and shall include all information required thereunder. In addition, F.R.Civ.P. 26(b)(4) and F.R.Civ.P. 26(e) shall specifically apply to all discovery relating to expert witnesses and their opinions. Each expert witness must be prepared fully to be examined on all subjects and opinions included in the designations. Failure to comply with these requirements will result in the imposition of appropriate sanctions, which may include the preclusion of testimony or other evidence offered through the expert witness. In particular, this Court will enforce preclusion of testimony or other evidence if F.R.Civ.P. 26(e) is not strictly complied with.

All non-expert discovery, including motions to compel, shall be completed no later than **June 12, 2023**. All expert discovery, including motions to compel, shall be completed no later than **August 17, 2023**. Compliance with these discovery cutoffs requires motions to compel be filed and heard sufficiently in advance of the cutoff so that the Court may grant effective relief within the allotted discovery time. A party's failure to have a discovery dispute heard sufficiently in advance of the

discovery cutoff may result in denial of the motion as untimely.

**5.     Pretrial Motion Schedule**

All pre-trial motions, both dispositive and non-dispositive (except motions to compel, addressed above), shall be filed no later than **October 18, 2023**.  Non-dispositive motions are heard on Fridays at 9:00 a.m., before the Honorable Barbara A. McAuliffe, United States Magistrate Judge, in Courtroom 8.  Before scheduling non-dispositive motions, the parties shall comply with Local Rule 230 or Local Rule 251.

Counsel must comply with Local Rule 251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from calendar.  In addition to filing a joint statement electronically, a copy of the joint statement shall also be sent Judge McAuliffe's chambers by email to bamorders@caed.uscourts.gov. Counsel for the parties are additionally required to conduct at least one **telephonic or in person conference** as part of their obligations to meet and confer in good faith to resolve their discovery dispute prior to seeking judicial intervention. The parties are further cautioned that boilerplate objections to written discovery will be summarily denied.

Upon stipulation of the parties, Judge McAuliffe will resolve discovery disputes by informal telephonic conference outside the formal procedures of the Local Rules and Federal Rules of Civil Procedure governing noticed motions to compel. The procedures for requesting an informal telephonic conference are set forth in Judge McAuliffe's Case Management Procedures located on the Court's website, http://www.caed.uscourts.gov. If the parties stipulate to an informal ruling on a discovery dispute that arises during a deposition, they may request an informal ruling during the deposition by contacting Judge McAuliffe's Courtroom Deputy, Esther Valdez, by telephone at (559) 499-5788.

The parties are advised that unless prior leave of the Court is obtained, all moving and opposition briefs or legal memorandum in civil cases before Judge McAuliffe shall not exceed twenty-five (25) pages.  Reply briefs by the moving party shall not exceed ten (10) pages.  These page limitations do not include exhibits.  Briefs that exceed this page limitation, or are sought to be filed without leave, may not be considered by the Court.

Counsel or pro se parties may appear and argue non-dispositive motions before Judge McAuliffe by telephone by dialing the court's teleconference line at (877) 411-9748 and entering

Access Code 3219139, provided they indicate their intent to appear telephonically on their pleadings or by email to evaldez@caed.uscourts.gov at least one week prior to the hearing.

Dispositive Pre-Trial Motions are heard in Courtroom 2 before the Honorable Anthony W. Ishii, Senior District Judge.  In scheduling such motions, the parties shall comply with Local Rules 230 and 260.

## Motions for Summary Judgment or Summary Adjudication

Prior to filing a motion for summary judgment or motion for summary adjudication the parties are ORDERED to meet, in person or by telephone, and confer to discuss the issues to be raised in the motion.

The purpose of meeting shall be to: 1) avoid filing motions for summary judgment where a question of fact exists; 2) determine whether the respondent agrees that the motion has merit in whole or in part; 3) discuss whether issues can be resolved without the necessity of briefing; 4) narrow the issues for review by the court; 5) explore the possibility of settlement before the parties incur the expense of briefing a summary judgment motion; and 6) to arrive at a joint statement of undisputed facts.

**6.     Settlement Conference**

A Settlement Conference has not been scheduled.  The parties are advised to contact the Court if they determine that a settlement conference would be beneficial.  If a settlement conference is set, the parties are advised that unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the settlement conference with the parties and the person or persons having full authority to negotiate and settle the case, on any terms, at the conference.

**7.     Pretrial Conference**

This Court sets a pretrial conference for **March 21, 2024**, **at 10:00 a.m.** in Courtroom 2 and will be heard before Senior District Judge Anthony W. Ishii.

The parties are ordered to file a Joint Pretrial Statement pursuant to Local Rule 281(a)(2). The parties are further directed to submit an electronic copy of their pretrial statement in Word format, directly to Senior District Judge Ishii's chambers by emailing it to awiorders@caed.uscourts.gov.

The parties' attention is directed to this Court's Local Rules 281 and 282.  The parties must

identify all exhibits and witnesses, including those for rebuttal and/or impeachment purposes. No exhibit or witness other than those listed in the joint pretrial statement and included in the Pretrial Order may be used at trial. This Court will insist upon strict compliance with those rules.

At the pretrial conference, the Court will set deadlines, among others, to file motions in limine, final witness lists, exhibits, jury instructions, objections, and other trial documents.

**8.     Trial Date**

A one-to-three-day jury trial is set for **May 21, 2024, at 8:30 a.m.** in Courtroom 2 before United States Senior District Judge Anthony W. Ishii.

**9.     Effect of This Order**

This order represents the best estimate of the Court and parties as to the agenda most suitable to dispose of this case. If the parties determine at any time that the schedule outlined in this order cannot be met, the parties are ordered to notify the Court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations with attached exhibits, where appropriate, which establish good cause for granting the relief requested.

Failure to comply with this order shall result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   **August 22, 2022**         /s/ *Barbara A. McAuliffe*    _
                                        UNITED STATES MAGISTRATE JUDGE